

# Phillips Lytle LLP

**Via ECF**  December 13, 2021

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *123RF LLC v. HSBC Bank USA, N.A.*, No. 21-cv-8519 (S.D.N.Y.)

Dear Judge Buchwald:

We represent Defendant HSBC Bank USA, N.A. ("HSBC") and write pursuant to Individual Rule 2(B) to request a pre-motion conference for HSBC's motion to dismiss Plaintiff 123RF LLC's ("123RF") Complaint.

## I.   Background

123RF, a sophisticated multinational media company, *see* Compl. ¶¶ 12-14, alleges that over several months, hundreds of relatively small but improper ACH debits were made to its account for transfer to various credit card companies, *see id*. ¶ 28. These debits allegedly began in January 2020. *Id.* However, 123RF does not allege that it attempted to contact HSBC until August, with intermittent attempts every few months thereafter. *See id.* ¶¶ 31-36. Indeed, 123RF does not allege that it provided *any* specific information to HSBC until March 2021. *Id.* ¶ 37. Despite this, HSBC was able to recover over $430,000 of the more than $1.4 million 123RF claims was improperly debited. *Id.* ¶ 44.

123RF's only attempt to determine the source of the unauthorized debits was to make "inquiries across the organization." *Id.* ¶ 29. It has made no apparent effort to identify any potentially dishonest employee or contact the recipients of the debited funds, including well-known financial institutions. Instead, 123RF has turned its sights on HSBC, and in its kitchen-sink Complaint, suggests *nine* claims: (1) breach of N.Y. UCC § 4-A-204(1); (2) gross negligence; (3) negligence; (4) breach of contract; (5) violation of N.Y. Gen. Bus. Law § 349; (6) breach of fiduciary duty; (7) fraud; (8) conversion; and (9) breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 64-119. For the reasons that follow, 123RF's claims should be dismissed.

ATTORNEYS AT LAW

PRESTON L. ZARLOCK   PARTNER   DIRECT 716 847 5496   PZARLOCK@PHILLIPSLYTLE.COM

ONE CANALSIDE 125 MAIN STREET BUFFALO, NEW YORK 14203-2887 PHONE (716) 847-8400 FAX (716) 852-6100 | PHILLIPSLYTLE.COM
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | WASHINGTON, DC | CANADA: WATERLOO REGION



Hon. Naomi Reice Buchwald									December 13, 2021
Page 2

## II.     HSBC's Proposed Motion

### A.     123RF's claims are time-barred

The parties' agreement (Exhibit A to the Complaint) provides in relevant part:

> The Customer agrees to bring any claims or legal action relating to the Services in writing within *one (1) year* of the date the problem occurred . . . .   If the problem involves a series of events, the Customer agrees that the date the first event occurred will be the date by which the period to make any claim or bring any legal action begins to run.

ECF No. 1-1, at 11.  "Under New York law, the parties to a written agreement may prescribe a shorter limitations period for commencing an action related to that agreement than the period prescribed by the statute of limitations." *Fleisig v. ED&F Man Cap. Markets, Inc.*, 2021 WL 2678675, at *8 (S.D.N.Y. June 30, 2021); *see also* CPLR 201.  According to the Complaint, the first allegedly unauthorized debits occurred in January and February 2020.  *See* Compl. ¶¶ 27-28.  No claim or legal action was filed until October 15, 2021, more than one year after the "first event" in the alleged "series of events."  123RF's claims are therefore untimely.[1]

### B.     123RF's statutory and common-law claims are displaced by Article 4A

UCC Article 4A is "intended to be the *exclusive means* of determining the rights, duties and liabilities of the affected parties in any situation covered by particular provisions of the Article."  UCC 4-A-102 official comment (emphasis added).  Where the purported basis of liability falls squarely within the scope of a provision of Article 4A—here, the duty to refund an allegedly unauthorized electronic funds transfer—the UCC displaces other remedies.  *See id.*; *Centre-Point Merch. Bank Ltd. v. Am. Express Bank Ltd.*, 913 F. Supp. 202, 208 (S.D.N.Y. 1996).

### C.     123RF fails to state a claim upon which relief can be granted

123RF's various other theories of liability all fail.  123RF's GBL § 349 claim fails *ab initio* because 123RF "is not the kind of consumer § 349 was intended to protect," but a sophisticated business entity.  *Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs.*,

---

[1]      In addition, Article 4A's statute of repose precludes any of 123RF's claims for the return of funds more than one year after notice of the debit.  *See* N.Y. UCC § 4-A-505.  For this independent reason, 123RF's claims are subject to dismissal to the extent they concern debits of which it had notice as of March 17, 2020, one year before it identified the allegedly unauthorized transactions to HSBC.  *See* Compl. ¶ 37.



Hon. Naomi Reice Buchwald                                           December 13, 2021
Page 3

*Inc.*, 328 F. Supp. 2d 443, 450 (S.D.N.Y. 2004).  123RF also fails to allege facts showing that the conduct it complains of is "consumer-oriented" or has "a broad impact on consumers at large."  *Fishberg v. State Farm Fire & Cas. Co.*, 2021 WL 3077478, at *4 (S.D.N.Y. July 20, 2021).

Second, 123RF's non-contractual claims are precluded by the economic loss doctrine.  *See Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Tr. Co.*, 410 F. Supp. 3d 662, 687 (S.D.N.Y. 2019) (a tort claim is unavailable for purely economic injury).

Third, 123RF's gross negligence and negligence claims fail because the "relationship between a bank and its depositor is one of debtor and creditor" which does not support a cause of action for negligence.  *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 578 (2011) (citations omitted); *see, e.g., Abhyankar by Behrstock v. JPMorgan Chase, N.A.*, 2020 WL 4001661, at *5 (S.D.N.Y. July 15, 2020) (dismissing negligence claim for wire transfer); *Rutkowski v. First Horizon Home Loans*, 117 A.D.3d 1265, 1266 (3d Dep't 2014).

Fourth, 123RF's fraud claim does not meet the heightened pleading requirements of Rule 9(b).  In addition, 123RF merely alleges "misleading statements . . . falsely indicating an intent to perform under a contract and/or concealing a breach of the contract [which] do not give rise to an action for fraud."  *IKEA N. Am. Servs., Inc. v. Ne. Graphics, Inc.*, 56 F. Supp. 2d 340, 342 (S.D.N.Y. 1999).

Fifth, 123RF cannot state a claim for conversion with respect to moneys deposited with a bank.  *See, e.g., Acevado v. Citibank, N.A.*, 2012 WL 996902, at *11-12 (S.D.N.Y. Mar. 23, 2012) (citing cases).

Sixth, 123RF's breach of implied convenant of good faith and fair dealing claim is redundant of its breach of contract claim.  *See Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 83 (2d Cir. 2002).

Respectfully submitted,

Phillips Lytle LLP

By  */s/ Preston L. Zarlock*

Preston L. Zarlock

cc:      All counsel of record via ECF

PLZ/JMA3/Doc #10108041