# FENSTERSTOCK, P.C.

200 Vesey Street, 24th Floor | New York, New York 10281
T: 212-859-5026 | F: 212-943-2300
efensterstock@fensterstockesq.com

December 16, 2021

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     *123RF LLC v. HSBC Bank USA, N.A.*, No. 21-cv-8519 (S.D.N.Y.)

Dear Judge Buchwald,

    We represent Plaintiff 123RF LLC ("Plaintiff") and write, respectfully, in response to Defendant HSBC Bank USA, N.A.'s ("Defendant") request under Rule 2(B) of Your Honor's Individual Practices for a pre-motion conference for Defendant's anticipated motion to dismiss. Defendant's proposed motion is entirely without merit. Accordingly, Plaintiff respectfully submits that Your Honor should deny Defendant's request.

    **I.    Background.**

    Plaintiff alleges that it maintained a commercial deposit account with Defendant, for which Defendant represented it would apply heightened security procedures. Compl. ¶¶ 12-26. Unbeknownst to Plaintiff, Defendant ignored these procedures and recklessly allowed thousands of unauthorized transactions to proceed, in violation of its agreement with Plaintiff and its professional duties. *Id.* ¶¶ 17-30. Plaintiff timely provided notice to Defendant of the transactions, which occurred due to Defendant, but Defendant failed to remedy the damage it has caused to Plaintiff. *Id.* ¶¶ 31-63.

    **II.    123RF's Claims Are Not Time Barred.**

    Defendant argues that 123RF's claims are time-barred because the parties purportedly contracted for a shorter "statute of limitations," such that ongoing harms would be measured from the first incidence, not the last. Defendant is incorrect.

    First, Defendant quotes language from *Fleisig v. ED&F Man Cap. Markets, Inc.*, 2021 WL 2678675, at *8 (S.D.N.Y. June 30, 2021), but fails to include the subsequent sentence: "Such agreements [to shorten statutes of limitations] must be enforced, 'absent proof that the contract is one of adhesion or the product of overreaching, or that the altered period is unreasonably short.'" *Id*. A contractual limitations period is unreasonable if it results in the "nullification" of claims. *D*

*& S Restoration, Inc. v. Wenger Constr. Co.*, 160 A.D.3d 924, 926, 75 N.Y.S.3d 505, 507 (2018). Here, the contractual limitations period is unreasonable to the extent it purports to establish the accrual date for "a series of events" as the first instance in the series. For a series of events that proceeds beyond one year, claims for events one year after the initial event would accrue before the latter event had even occurred, rendering an action impossible and nullifying the claim. This is unreasonable.

Second, under New York law, Defendant cannot alter by agreement the one-year statute of repose in Article 4A, which Defendant admits applies to this dispute. *Regatos v. N. Fork Bank*, 5 N.Y.3d 395, 402 (N.Y. 2005). Under Section 4A-505, the customer must inform the bank of the unauthorized transfer within one year of receiving actual notice that the transactions had occurred. *Id*. The period is triggered when "the customer received notification reasonably identifying the [allegedly unauthorized] order." Section 4-A-505. Here, Plaintiff alleges that no such notification was ever received from Defendant. Even if the time period began at the time of the earliest unauthorized transfers in April 2020, Defendant's argument still fails because Defendant admits that Plaintiff "identified the allegedly unauthorized transactions to HSBC" on March 17, 2021, which is within the one year period. *See* HSBC's December 13 Letter at n.1; Compl. ¶ 37.

### III.   123RF's Claims Are Not Preempted.

In *Centre-Point Merch. Bank Ltd. v. Am. Exp. Bank Ltd.*, 913 F. Supp. 202, 206 (S.D.N.Y. 1996), the case cited by Defendant on this point, the court rejected the argument that "the New York legislature intended to replace the common law entirely with regard to wire transfers." Any preclusion by Article 4-A is limited—"[c]laims that, for example, are not about the mechanics of how a funds transfer was conducted may fall outside of this regime." *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 89 (2d Cir. 2010).

Defendant makes no attempt to show that each of Plaintiff's claims are superseded by Article 4-A.

### IV.   Defendant Cannot Show that Plaintiff's Causes of Action Fail to State Claims for Relief.

Regarding GBL § 349, the same case cited by Defendant states that "the 'consumer-orientated act' prong does not preclude the application of § 349 to disputes between businesses." *Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F. Supp. 2d 443, 449 (S.D.N.Y. 2004). "GBL 349 applies to disputes between businesses in instances where an organizational plaintiff is similarly-situated to other consumers." *Silvercorp Metals Inc. v. Anthion Mgmt. LLC*, 36 Misc. 3d 1231(A), 959 N.Y.S.2d 92 (N.Y. Sup. Ct. 2012). Here, Plaintiff complains of conduct by Defendant that overlaps with Defendant's provision of banking services to the general public, under a generally applicable banking agreement, not a bespoke or particular service negotiated between parties with parity in bargaining power.

Second, "the economic loss doctrine does not apply to negligence claims arising, as is the case here, out of 'the violation of a professional duty.'" *Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 328 (S.D.N.Y. 2011). Here, Plaintiff alleges that Defendant breached fiduciary and other

professional duties.  Further, contract and tort claims may be pled in the alternative.  *See Banco Multiple Santa Cruz, S.A. v. Moreno*, 888 F. Supp. 2d 356, 367 (E.D.N.Y. 2012).

Third, "[b]oth common law and statutory law in New York hold banks liable for" negligently processing fraudulent withdrawal requests. *Banco Multiple Santa Cruz, S.A. v. Moreno*, 888 F. Supp. 2d 356, 373 (E.D.N.Y. 2012).  Plaintiff alleges that Defendant owed extracontractual duties of care that Defendant failed to meet, especially given Defendant's participation in establishing specific security procedures. Thus, both Plaintiff's gross negligence and negligence claims must survive as a matter of law.

Fourth, Plaintiff meets the heightened pleading standards for fraud under Rule 9(b), citing specific, identifiable fraudulent representations made to Plaintiff by Defendant that were separate and distinct from the contractual representations, including those made in marketing materials, for the purpose of securing and holding Plaintiff's business.  *See, e.g.*, *Loreley Fin. (Jersey) No. 3 Ltd. v Wells Fargo Sec., LLC*, 797 F3d 160, 171 (2d Cir. 2015) (reversing district court's dismissal of fraud claims against certain defendants).

Fifth, with respect to Plaintiff's conversion claim, while funds in a bank account are generally "not sufficiently specific and identifiable . . . to support a claim for conversion against the bank," *Fundacion Museo de Arte Contemporaneo de Caracas v. CBI-TDB Union Bancaire Privee*, 160 F.3d 146, 148 (2d Cir. 1998), New York courts have found that conversion may lie where a specific amount of funds in a bank account is withdrawn or transferred. *See, e.g.*, *Payne v. White*, 101 A.D.2d 975, 976, 477 N.Y.S.2d 456 (3d Dep't 1984) (upholding conversion claim); *Mfrs. Hanover Trust Co. v. Chemical Bank*, 559 N.Y.S.2d 704, 712 (1st Dep't 1990) (sustaining Plaintiff's conversion claim against a bank because the defendant bank specifically ignores the plaintiff's order to credit the funds to a specific account).  Here, Plaintiff alleged in detail the specific amount of funds in its bank account that were improperly transferred, and Defendant ignored Plaintiff's requests to credit the funds.

Finally, Plaintiff's good faith and fair dealing cause of action is not duplicative of its claims for breach of contract, as it is based on the Defendant's bad faith, additional and distinct conduct—including Defendant's failure to facilitate the processing of Plaintiff's notices of fraud, which deprived Plaintiff of the benefit of the bargain. *See Dreni v PrinterOn Am. Corp.*, 486 F. Supp. 3d 712, 730 (S.D.N.Y. 2020]); *see also H&H Envtl. Sys., Inc. v. Evanston Ins. Co.*, No. 6:18-CV-06315 EAW, 2019 U.S. Dist. LEXIS 39700, 2019 WL 1129434, at *7 (W.D.N.Y. Mar. 12, 2019) (finding good faith and fair dealing claim not duplicative); *Friedman v. Maspeth Fed. Loan & Sav. Ass'n*, 30 F. Supp. 3d 183, 195 (E.D.N.Y 2014); *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 195 (N.Y. 2008).

Respectfully submitted,

*Evan S. Fensterstock* (signature)

Evan S. Fensterstock

cc:   All counsel of record via ECF